CLARA M. ELLIOTT *vs*. THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Action for Personal Injuries Against Railway Company— Alighting Passenger; Thrown to Ground and Injured— Car Suddenly Started.*

1. The Court delivered the usual charge on negligence; and the duty of the railway company, and also of the passenger.

2. If a car slows up or stops at an unusual stopping place, in such a manner as clearly to invite a passenger to alight, and the passenger under such circumstances attempts to alight, using due and proper care, it is the duty of the person or persons having charge of the car not to suddenly start the car in such a manner as to endanger the safety of the alighting passenger.

(*February* 13, 1908.)

JUDGES SPRUANCE and BOYCE sitting.

*J. Frank Ball* for plaintiff.

*Walter H. Hayes* and *Herbert H. Ward* for defendant.

Superior Court, New Castle County, January Term, 1908.

ACTION ON THE CASE (No. 198, September Term, 1906), to recover damages for personal injuries to the plaintiff occasioned by reason of the alleged negligence of the defendant.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff, Clara M. Elliott, against the defendant, the Wilmington City Railway Company, a corporation of this State, to recover damages for personal injuries of the plaintiff alleged to have been occasioned by the negligence of the defendant.

The plaintiff contends that on the night of July 16, 1906,

she was a passenger on one of the electric cars of the defendant going westward on Fourth Street in this City, and that near the intersection of the easterly side of Market Street, while attempting to alight from said car after the same had come to a stop, the said car was negligently and suddenly started or jerked whereby she was thrown from the car to the bed of the street and seriously injured.

The defendant contends that it was guilty of no negligence whatever; that at the time the plaintiff attempted to alight from the car the car was in motion, and that her falling or being thrown from the car was solely due to her own negligence.

A street railway company in letting its passengers on and off its cars is bound to stop at its usual stopping places and to wait a reasonable time for passengers to get off or on, and also to use all reasonable care to secure the safety of its passengers.

If a car slows up or stops at an unusual stopping place in such a manner as clearly to invite a passenger to alight, and the passenger under such circumstances attempts to alight, using due and proper care, it is the duty of the person or persons having charge of the car not to suddenly start the car in such a manner as to endanger the safety of the alighting passenger.

It is admitted that the defendant at the time of the said accident was a common carrier engaged in the business of transporting passengers for hire.

A common carrier of this character is held to the exercise of great care and diligence in the safe transportation of its passengers, but it is not an insurer of their safety under all circumstances, it being responsible only for its negligence. It is the duty of a passenger to act with prudence and to use the means provided for his transportation with reasonable discretion and care, and if his negligent act causes or contributes to the injury of which he complains, he cannot recover. It is the duty of the passenger to exercise all reasonable care in alighting from a car. Reasonable care is such care as a person of ordinary prudence would exercise under similar circumstances, such care being

proportioned to the risk incurred. A passenger familiar with the railway at the place of the accident and the operations of the cars there, is bound to avail himself of such knowledge.

This action is based upon the negligence of the defendant, and to entitle the plaintiff to recover you must be satisfied by a preponderance or greater weight of the evidence that the negligence of the defendant which caused the plaintiff's injuries was the negligence described in the plaintiff's declaration, viz, the sudden moving or jerking of the car while the plaintiff was in the act of alighting from the car.

No presumption of negligence, either on the part of the plaintiff or defendant, arises from the mere fact that the plaintiff was injured while alighting from a car of the defendant.

To entitle the plaintiff to recover you must be satisfied from a preponderance of the evidence that the injuries to the plaintiff were caused by the negligence of the defendant.

The burden of proving negligence, whether on the part of the defendant or the plaintiff, rests upon the party by whom such negligence is alleged.

If the injury complained of was occasioned by the negligence of the plaintiff or by the concurrent negligence of both the plaintiff and the defendant, the plaintiff cannot recover, as the law in such case will not attempt to measure the degree of negligence attributable to each party.

Your verdict should be given in favor of that party for whom is the preponderance or greater weight of the evidence.

Where, as in this case, the testimony is conflicting, the jury should reconcile it if they can, but if they cannot do so they should give credence to that part of it which they deem most worthy of belief.

If your verdict should be for the plaintiff, it should be for such a sum of money as will reasonably compensate her for her injuries, including therein her pain and suffering in the past and such as may come to her in the future resulting from her

injuries, and also for any impairment of ability to earn a living in the future and any expenses she has incurred for medical or surgical services in endeavoring to be cured of her injuries.

The jury disagreed.